# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KEILER LEDESMA, etc.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 24-0419-WS-B |
| | ) |
| **ROBERT J. PHILLIPS, etc., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This recently removed action is before the Court upon its *sua sponte* review of its subject matter jurisdiction.[1]  Upon such review, the Court is unable to confirm that such jurisdiction exists.

Removal is predicated upon diversity of citizenship.  As the party seeking a federal forum, the defendants bear the burden of demonstrating both that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *E.g., Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).  The defendants have adequately demonstrated the existence of complete diversity but not the requisite amount in controversy .

According to the complaint, (Doc. 1-3 at 3-18), the plaintiff was driving his vehicle south on Interstate 65 when the individual defendant, operating a tractor trailer and acting within the line and scope of his employment by, or agency for, the corporate

---

[1] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

defendant, changed lanes, striking the plaintiff's vehicle and causing it to land against the center median.  The complaint asserts claims for negligence/wantonness, negligent/wanton entrustment, respondeat superior, and negligent/wanton hiring, training, and supervision.

The complaint alleges that the plaintiff experienced physical injuries in the form of an annular bulge in his lumbar spine, neck pain, and other, unidentified injuries.  Under each count, the plaintiff seeks an award for physical injury, pain and suffering, medical expenses, out-of-pocket expenses, lost income, property damage and loss, loss of enjoyment of life, inconvenience, and emotional distress, plus punitive damages under the wantonness prongs of his claims.

The complaint does not demand a sum certain but only such damages as are determined by a jury.  "[W]here jurisdiction is based on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum."  *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).  "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement."  *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotes omitted); *accord* 28 U.S.C. § 1446(c)(2)(B).  A defendant may demonstrate that the amount in controversy is facially apparent from the complaint itself, or it may offer evidence beyond the pleading to meet its burden.  *Roe*, 613 F.3d at 1061.  The defendants, acknowledging their burden, (Doc. 1 at 5-6), rely on both the complaint and external evidence to meet it.

The defendants first argue that the plaintiff's hard damages are at least $28,000.  They have submitted evidence that there is a hospital lien for $7,364.35, and there are indications that the plaintiff's medical bills may be higher, based on physical therapy ongoing as of October 2024 (eight months after the incident).  (Doc. 1 at 7-8; Docs. 1-8, 1-9).  However, the defendants' evidence is ambiguous as to whether the cost of physical therapy is included in the $7,364.35 figure.  Even if it is not, the defendants have

presented the Court no non-speculative means of estimating the magnitude of such expense.[2]

The bulk of hard damages identified by the defendants is in the form of property damage. They have presented evidence that the plaintiff's insurer totaled the vehicle and that its pre-incident actual cash value was $20,722. (Doc. 1-10 at 2). In or before May 2024, the plaintiff and his insurer settled the property damage for an unknown amount. (Doc. 1-9 at 2). The defendants say it does not matter how much the plaintiff received from his insurer because, under Alabama law, an insured can recover from a tortfeasor the full pre-incident value of his totaled vehicle, not just the difference between that value and what the insured received in insurance benefits. (Doc. 1 at 7-8).

"It is well settled that the amount paid by an insurer to a plaintiff for damage to his vehicle does not affect his measure of recovery and that evidence of an insurance payment is not ordinarily admissible." *Jones v. Carter*, 646 So. 2d 651, 653 (Ala. 1994). This proposition represents an application of the collateral source rule. *Ex parte Barnett*, 978 So. 2d 729, 732 (Ala. 2007). The case on which the defendants rely applied this principle. *Larousse v. Hammond*, 2018 WL 1956121 at *4 (S.D. Ala. 2018).

There is, however, a wrinkle that the defendants have not addressed. "Generally, payment of a loss by an insurer gives that insurer subrogation rights to reimbursement – either as a matter of law upon full payment of that loss or as a matter of contract when an insurance policy modifies the full-payment prerequisite – but does not divest the insured of the legal right to pursue an action against a party responsible for that loss." *Broadnax v. Griswold*, 17 So. 3d 656, 659 (Ala. Civ. App. 2008). However, at least when the insurer "ma[kes] a payment to fully compensate the owner for her damaged automobile pursuant to the terms of its policy (less the applicable … deductible)," and when "[t]hat policy expressly provides that when the insurer makes a payment to or on behalf of a

---

[2] The defendants correctly note that a court may review the evidence through the filter of "judicial experience and common sense." *Roe*, 613 F.3d at 1062. The Court, however, "cannot speculate or hypothesize about facts that are not in the record." *Fox v. Ritz-Carlton Hotel Company, L.L.C.*, 977 F.3d 1039, 1048 (11th Cir. 2020).

3

person with respect to a covered loss and that person also has rights of recovery from another with respect to that same loss, those rights are transferred to the insurer," the insurer's payment "divest[s] the owner of any right she might have had to recover damages from the driver and ma[kes] the insurer the 'real party in interest' under Rule 17(a) …." *Id*. at 660.

The defendants have not addressed this principle, and the Court has no non-speculative means of assessing whether the insurer's payment and policy implicate it. This is relevant to the jurisdictional analysis because, "[w]hen state law precludes the recovery of a form of damages demanded by the plaintiff, that form of damages may not be considered in determining whether the jurisdictional threshold is met." *SUA Insurance Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1253 (S.D. Ala. 2010).

Even were the Court to assume the full $28,086.35 in hard damages asserted by the defendants, they have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendants seek to do so principally by invoking a 2:1 or 3:1 ratio of punitive damages to compensatory damages. (Doc. 1 at 8-11). The Court has rejected such a gambit in the past, *Cote v. Emerald Coast RV Center, LLC*, 2023 WL 2485783 at *2 (S.D. Ala. 2023), and the defendants neither acknowledge *Cote* nor explain why the Court should reconsider it.

In a related vein, the defendants cite *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729 (11th Cir. 2014), for the proposition that the Court must consider all punitive damages that "could" be awarded, up to the statutory cap of $500,000. (Doc. 1 at 8, 11). The Court has previously dismissed *McDaniel* as an unpersuasive non-binding opinion, *Mosley v. State Farm Fire and Casualty Co.*, 2022 WL 2287927 at *3 (S.D. Ala. 2022), and the defendants have neither addressed *Mosley* nor given the Court grounds to reconsider it.

Returning to compensatory damages, the defendants argue that the plaintiff's listing of soft damages (including pain and suffering, emotional distress, and loss of enjoyment), plus unquantified hard damages for lost wages, when "aggregated" with the

4

purported $28,000 in damages for medical bills and property damage and some unquantified measure of punitive damages, more likely than not places over $75,000 in controversy. (Doc. 1 at 11-13). The defendants point to this Court's decision in *Sims v. Valluzzo*, 2016 WL 3211430 (S.D. Ala. 2016), as exemplifying this approach.

The defendants' proposal – simply to assume from a complaint's laundry list of damages that more than $75,000 is in controversy – is not the law. In *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001), the complaint alleged that the plaintiff tripped over a curb, that she suffered permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, and it demanded both compensatory and punitive damages. *Id*. at 1318. The Eleventh Circuit held that, based on these allegations, "it is not facially apparent from [the] complaint that the amount in controversy exceeds $75,000." *Id*. at 1320. As *Williams* makes clear, "merely listing categories of damage does not satisfy the [removing defendant's] burden." *Robinson v. Clayton*, 2012 WL 6028940 at *2 (S.D. Ala. 2012).

*Sims* is not to the contrary. What the Court "aggregate[d]" in *Sims* was not elements of damage, but "circumstances." 2016 WL 3211430 at *4. One of those circumstances was the complaint's demand for recovery for pain and suffering, emotional distress/mental anguish, and punitive damages, but there were other circumstances more salient: (1) the plaintiff's known hard damages of over $28,000; (2) the plaintiff's testimony, given almost two years after the incident, that she continued to be in constant pain and with restricted motion and that she had foregone medical treatment for lack of insurance, which was evidence both that the plaintiff's compensable pain and suffering was long-term and that addressing her residual physical issues would require "substantial additional medical treatment"; and (3) a settlement demand for $295,000, made almost two years after the incident and with full awareness of the details of the case, which demand was "grounded in a reasonable assessment of how [the plaintiff] valued her claim." *Id*. at *3-4. Nothing in *Sims* remotely supports the proposition that a complaint's laundry list of damages sought, alone or in combination with hard damages of under

5

$30,000, establishes by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

Finally, the defendants assert that plaintiff's counsel "has not stipulated that the damages Plaintiff is seeking will not exceed $75,000." (Doc. 1 at 12). The defendants offer no evidence of such a refusal, or even of a request for such a stipulation. In any event, "[t]here are several reasons why a plaintiff would not stipulate, and a refusal to stipulate standing alone does not satisfy [a removing defendant's] burden of proof on the jurisdictional issue." *Williams*, 269 F.3d at 1320.

In sum, the defendants have failed to demonstrate the Court's subject matter jurisdiction. They are accordingly **ordered** to file and serve, on or before **December 13, 2024**, such supplemental evidence and/or briefing as they deem sufficient to satisfy their burden, failing which this action will be remanded to state court without further notice.

DONE and ORDERED this 26th day of November, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE